THE PEOPLE ex rel. THE BOARD OF COMMISSIONERS OF WASHINGTON PARK, Respondents, *v.* A. BLEECKER BANKS, Mayor, etc., Appellant.

The act entitled "An act in relation to that portion of the Great Western Turnpike road, commonly known as Western avenue," etc. (chap. 445, Laws of 1876), is not obnoxious to the constitutional provision (State Const., art. 3, § 16) requiring that local and private bills shall embrace but one subject, which shall be expressed in the title; the act simply authorizes a conveyance by the turnpike company, and an acceptance by the commissioners of Washington park, of a portion of the turnpike road, and empowers the latter to improve the same as an approach to the park, and makes provisions for such improvement.    The whole relates solely to the portion of the road specified in the title, and the purpose of the act is confined to the one subject, which is sufficiently expressed in the title.

The legislature is not subject to judicial control in respect to the form or mode in which the "subject" of a bill shall be "expressed" in its title; if expressed, the Constitution is satisfied, although the title may have been more explicit.

The authorities upon the question of the sufficiency of the titles to bills, under the said constitutional provision, collated.

The said statute is not in conflict with the constitutional provision forbidding the passage of a private or local bill "laying out, opening, altering, working or discontinuing roads, highways or alleys." (Art. 3, § 17.) This provision was intended to prevent any interference with the general highway system of the State.    The portion of the road affected by the act, while a public highway, was the property of a private corporation, and the act provides for that which is not ordinarily done under the general highway laws, and for which no general provision is made, and it was within the legislative power to confide it to the commissioners.

1876.]     PEOPLE ex rel. COMMISSIONERS v. BANKS.     569

Statement of case.

Said statute is not violative of the constitutional provision declaring that
no act shall be passed making an existing law applicable to, or a part
thereof, except by inserting it in the act. (Art. 3, § 17.) This provision
does not require the re-enactment of general laws whenever it is neces-
sary to resort to them to carry into effect a special statute.

The legislature may direct that an assessment for the costs and expenses
of a work, specially provided for and directed to be paid by tax, shall
be made and collected in the manner provided by general laws.

Said statute is not in conflict with the constitutional provision prohibiting
cities from loaning their money or credit to, or in aid of, any individual,
association or corporation. (Art. 8, § 11.) The fact that the city of
Albany is in the first instance made to pay the cost of a public burden,
to be reimbursed thereafter by tax upon the property benefited, does not
constitute the payment a loan to the property owners.

(Argued December 12, 1876; decided December 22, 1876.)

APPEAL from order of the General Term of the Supreme
Court in the third judicial department affirming an order of
Special Term directing a *mandamus* to issue requiring defend-
ant, as mayor of the city of Albany, to prepare and sign cer-
tain bonds of said city as provided in and by chapter 445,
Laws of 1876, entitled "An act in relation to that portion of
the Great Western Turnpike road commonly known as West-
ern avenue, lying between Snipe street, in the city of Albany,
on the east, and the west line of the proposed new boulevard,
intersecting the said road west of Allen street, in said city, on
the west."

It was conceded that all the provisions of the said statute,
which, by its terms, were made by the act prerequisites to the
issuing of the bonds by the mayor, had been complied with,
and the only questions raised were as to the constitutionality
of the act.

*Isaac Lawson* for the appellant. Chapter 445, Laws of 1876,
is a local act, and its subject is not expressed in its title in com-
pliance with the provision of article 3, section 16 of the Con-
stitution. (*People* v. *Hills*, 35 N. Y., 453; *Town of Fishkill* v.
*F. and D. Plk. Rd.*, 22 Barb., 641; *Smith* v. *Mayor, etc.*, 7
Rob., 190; *Durkee* v. *City of Janesville*, 26 Wis., 700; *Comm.*

v.*Dickinson,* 9 Phil., 561; *In re Van Antwerp,* 56 N. Y., 267; *People ex rel.* v. *Bennett,* 54 Barb., 486; *People ex rel.* v. *Lawrence,* 41 N. Y., 139; *In re Volkenning,* 52 id., 650; *Conner* v. *Mayor, etc.,* 5 id., 285; *People ex rel. City of Rochester* v. *Briggs,* 50 id., 553; *Brewster* v. *City of Syracuse,* 19 id., 116; *In re Meyer,* 50 id., 504; *In re Assmt. Lands in Flatbush,* 60 id., 398; *People ex rel.* v. *Comrs. of Highways,* 53 Barb., 70; *People ex rel.* v. *Common Council of Bklyn.,* 13 Abb. [N. S.], 121.) The act was in conflict with article 3, section 18 of the Constitution, which forbids the passage of a private or local bill for "laying out, opening, altering, working or discontinuing roads, highways or alleys." (*People ex rel.* v. *Bd. of Suprs.,* 52 N. Y., 561; *Wyenheimer* v. *People,* 13 id., 454, 486; *People* v. *Allen,* 42 id., 404; *People* v. *Hill,* 35 id., 452; *People ex rel.* v. *Flagg,* 46 id., 405; *People* v. *Board, etc.,* 25 Mich., 157; *City of Atchison* v. *Bartholow,* 4 Kans., 124, 141–149; *Williams* v. *Biddleman,* 7 Nev., 68, 70–73.) The act was in conflict with article 8, section 11 of the Constitution, which forbids a city to "give any money or property, or loan its money or credit to or in aid of any individual, association or corporation." (*People ex rel.* v. *Bd. Suprs.,* 52 N. Y., 563; *Wyenheimer* v. *People,* 13 id., 433–439; *People ex rel.* v. *Albertson,* 55 id., 50.) The attempted lease by the park commissioners was *ultra vires* and void. (17 Barb., 601; 33 Me., 132; 12 Eng. L. and Eq., 224; 19 id., 584.)

*R. W. Peckham* for the respondents. The act of 1876 (chap. 445) is local, but the subject is expressed in its title within the meaning of section 16 of article 3 of the Constitution. (*In re Mayer,* 50 N. Y., 504; *People* v. *Briggs,* id., 553; *In re Astor,* id., 363.) It is not a violation of section 17 of article 3 of the Constitution as to making any existing law a part of the statute without inserting it in full. (2 N. Y. Weekly Dig., 416; *People* v. *Hoyt,* 7 Hun, 39; *People* v. *Learned,* 5 id., 626.) It is not in conflict with section 18 of article 3 of the Constitution, as it makes no provision for lay-

ing out, opening, altering, working or discontinuing roads, highways or alleys. (1 R. S., 513, § 54; id., 505, § 19; id., 520, § 99; id., 517, § 74; id., 511, § 45; id., 509, § 35.) The act sets forth with sufficient distinctness the tax and the object to which it is to be applied. (*People* v. *Flagg*, 46 N. Y., 401.) Section 20 of article 3 of the Constitution refers to State, and not to local, taxation. (*Darlington* v. *Mayor*, 31 N. Y., 186; *People* v. *Havemeyer*, 4 T. & C., 378; *In re Ford*, 6 Lans., 92; 8 Hun, 97.) Those alleging the invalidity of a legislative enactment are bound to show it affirmatively. (*People* v. *Briggs*, 50 N. Y., 553; *People* v. *Dayton*, 55 id., 367.)

ALLEN, J. The act upon which the relators base their claim of right to demand the issue by the defendant and appellant, as the mayor of the city of Albany, of the corporate bonds of the city (Laws of 1876, chap. 445) is mandatory, and as it is conceded that all the conditions and provisions of the law to entitle the relators to the relief demanded have been complied with, if the law is in form and substance a valid and constitutional exercise of legislative power, the writ of *mandamus* was properly granted by the Supreme Court, and the order must be affirmed.

The legislative power over the general subject-matter of the act is not denied, but that it has been constitutionally exercised is denied upon several grounds.

First. The first objection is that the title is defective, and does not express the "subject" of the act as required in respect to all private and local bills, by section 16, of article 3 of the Constitution. The act is entitled "An in relation to a portion of the Great Western Turnpike road," particularly described in the title and in the body of the act. The act authorizes a conveyance by the turnpike company, and an acceptance of the same by the relators of a portion of its turnpike road described, and empowers the latter to improve the same as an approach to the Washington park.

The other parts of the act make provision for the improvement and ornamentation of the portion of the road so author-

ized to be conveyed, and for the payment of the cost of such improvement, and the keeping the same in repair.

The whole act "relates" solely to this portion of the turnpike road, and to no other subject or matter. The purpose and object of the act is confined to this one subject, and it is not claimed that the act embraces more than this one subject.

The allusion to Washington park is incidental, and that was not the subject of the legislation embodied in the act.

The complaint is, that the title does not, with sufficient distinctness, "express" or indicate the "subject" of the act. If by this is meant that the title does not disclose or shadow forth the character of the proposed legislation, its full object and purpose, and make known the several interests which may be directly or indirectly affected by it, so as to attract attention, and gives notice of all that was to be accomplished by the proposed "act," this will be conceded. But the Constitution does not require this full declaration and statement in the title of a private or local bill. This has been repeatedly held.

It is not allowable, for the purpose of invalidating a law, to sit in judgment upon its title, to determine with critical acumen whether it might not have been more explicit, and so drawn as more clearly and definitely to indicate the nature of the legislation covered by it. The legislature is not subject to judicial control in respect to the form or mode in which the "subject" of a bill shall be "expressed." If it is expressed, the Constitution is satisfied.

The provisions of the act are consistent with the title, and the whole act does "relate" to the "subject," that is, the portion of road described. The title does not mislead, as was the case of the assessment of lands in Flatbush, Kings county (60 N. Y., 398), and *The People* v. *Commissioners, etc., in the Matter of C.* (52 Barb., 70). It does declare the subject, viz., the described portion of the road as that which is treated of in the bill, and to be acted upon by the legislature, and in some way affected by the act.

This particular provision of the Constitution has been so

frequently before the courts that an extended discussion of the effect to be given to it, and the extent and limit of its requirements, would be out of place.

The title of the act under review must, within the well-considered decisions of this court, and of the other courts of the State, be held a sufficient compliance with the Constitution, and to hold otherwise would subvert very many cases which are binding upon us as authorities.

In the following cases the titles were held sufficiently expressive of the subject of the several acts called in question for non-compliance with this clause of the Constitution.

By an act entitled "An act in relation to the fees and compensation of certain officers in the city and county of New York," salaries were given to four city officers in lieu of fees, and they were required to pay the fees named into the treasury of the city. (*Conner* v. *Mayor, etc.*, 1 Seld., 285.)

In the *Matter of Volkening* (52 N. Y., 650) the petitioner challenged the validity of a statute transferring the power before then vested in the common council of the city in relation to assessments, and the confirmation thereof to certain officers created by the act into a board called a board of revision, under the title of "An act relative to contracts by the mayor, aldermen and commonalty of the city of New York."

An act entitled "An act in relation to certain local improvements in the city of New York," under which an assessment for a sewer was levied, was sustained in the case of Morgan (50 N. Y., 504). The question in *The People* v. *Briggs* (id., 553) was upon a statute entitled "An act to amend the several acts in relation to the city of Rochester," and by which, among other things, power was conferred upon the water commissioners to contract with the villages through which they might bring water for the city of Rochester for a supply of water to such villages.

In *Brewster* v. *The City of Syracuse* (19 N. Y., 116) the title of the act was "An act for the relief of James Ley & Son," and authorized an assessment upon a portion of the city of Syracuse, to satisfy a claim of the individuals named in

the title against the city for a local improvement constructed by them. (See also *Matter of Astor*, 50 N. Y., 363.) Within the principles of these cases and others which might be cited, the title of the act under consideration must be held sufficient.

Second. It is next objected that the act is in conflict with section 18 of article 3 of the Constitution, forbidding the passing by the legislature of any private or local bill " laying out, opening, altering, working or discontinuing roads, highways or alleys." This provision was designed to prevent any interference with the general highway system of the State, or with the keeping of the ordinary highways and public roads in repair under that system, and the supervision of the officers designated, and in the use of the means and the labor provided by law. The act under review does not, in any of its provisions, provide for the altering, opening, or working of a highway, in the sense which those terms were used in the statutes of the State, regulating highways and public roads, or the Constitutional provisions now invoked.

The portion of the road which was the subject of the legislation was at the time a public highway, but was the property of a private corporation, and was kept in repair by the tolls levied upon the public using it. The public easement was subject to the payment of the toll. By the transfer of the way to the relators it was continued as a public highway for the benefit of the public, but provision was made for grading, paving, sewering and ornamenting the same, and the laying of sidewalks thereon, and making the same a fitting approach to and substantially a part of the Washington park, subject to the general easement of the public for use as a highway.

The improvements contemplated could not be made, and the avenue kept up and maintained in proper condition under the general laws of the State, and the legislature in its wisdom saw fit to suffer the turnpike company to surrender it to the park commissioners, and did not see fit to place it in charge of the common council, as one of the streets and avenues of the city. This was within the discretion of the legislative body, and we cannot review the exercise of that discre-

1876.]     People ex rel. Commissioners *v.* Banks.     575

Opinion of the Court, per Allen, J.

tion, or sit in judgment upon it. The act provides for that which is not ordinarily done under the general laws for regulating public highways, or the streets of a city, and for which no general provision is made by law, and which, in the judgment of the legislature, might be properly confided to the relators. This was within the legislative power. (*People* v. *Flagg*, 46 N. Y., 405.)

Third. The third objection is that the act is violative of section 17 of article 3 of the Constitution, declaring that no act should be passed which shall provide that any existing law or any part thereof shall be made or deemed a part of said act, or which shall enact that any existing law, or any part thereof, shall be applicable, except by inserting it in such act.

We have had occasion to consider this provision, and were of the opinion that it did not prohibit the subjecting a matter of special legislation to some provisions of the general statutes of the State regulating the procedure, to accomplish the purposes of the act, and was not applicable to a case like this, where the legislature, after enacting that the costs and expenses of a work specially provided for, shall be paid by a tax upon property, have directed that the assessment should be made, levied and collected in the manner provided by general laws.

It is not necessary, in order to avoid a conflict with this article of the Constitution, to re-enact general laws whenever it is necessary to resort to them to carry into effect a special statute. Such cases are not within the letter or spirit of the Constitution, or the mischief intended to be remedied. By such a reference the general statute is not incorporated into or made a part of the special statute. The right is given, the duty declared, or burden imposed by the special statute, but the enforcement of the right or duty, and the final imposition of the burden are directed to be in the form, and by the procedure given by the other and general laws of the State. Reference is made to such laws, not to affect or qualify the substance of the legislation or vary the terms of the act, but merely for the formal execution of the law. The evil in view in adopting this provision of the Constitution, was

the incorporating into acts of the legislature by reference to other statutes, of clauses and provisions of which the legislators might be ignorant, and which affecting public or private interests in a manner and to an extent not disclosed upon the face of the act, a bill might become a law, which would not receive the sanction of the legislature if fully understood.

There is no evil of this or of any nature to be apprehended by the mere reference to other acts and statutes for the forms of process and procedure, for giving effect to a statute otherwise perfect and complete. It would be a serious evil to compel the engrafting upon and embodying in every act of the legislature all the forms and the details of practice which may be necessarily resorted to to carry any one statute into effect, when the same proceedings are provided for by the general statutes of the State, and are applicable to hundreds of other cases, and with which the legislators may be supposed to be reasonably familiar.

This objection, we think, not available to the defendant.

Fourth. The fourth and only remaining objection is that the statute is in conflict with section 11 of article 8 of the Constitution, prohibiting cities from loaning their money or credit to, or in aid of, any individual, association or corporation.

The answer to this is that there is no loan of money or credit contemplated. The city of Albany is in the first instance made to pay the cost of a public burden, and the fact that the city treasury is to be reimbursed hereafter by tax upon property, an assessment upon the property benefited does not constitute the payment in the first instance, a loan to the individual property owners benefited.

The municipality is primarily liable, and the reimbursement but an equitable procedure as between the whole body of tax-payers, and those whose property is especially benefited by the work.

All the questions made were fully considered by Justice Westbrook at the Special Term of the Supreme Court, and we concur in his opinion then given.

The order must be affirmed.

All concur.

Opinion of the Court, per ALLEN, J.

FOLGER, J., was inclined to hold that the bill was defective; for the reason that either there were two subjects embraced in it, or, if but one, that the title did not express the whole of that subject. There being a judgment arrived at without his voice, he did not vote.

Order affirmed.