STATE, MARY E. VAN RIPER, EXECUTRIX, &c., ET AL. PROSECUTORS, v. TOWNSHIP OF NORTH PLAINFIELD.

1. A statute, approved March 9th, 1877, (*Rev.*, p. 1204,) provides a mode of levying assessments in townships ; its title is, "An act in relation to assessments in townships." *Held*, that its title expresses its object sufficiently to satisfy the constitution.
2. If the act have other objects not expressed in the title, and wholly separable from that which the title does express, the expressed object will not thereby be defeated.
3. The act above mentioned is neither special nor local.
4. The act is intended to permanently provide a constitutional method of levying assessments for public improvements in townships, wherever assessments therefor are by law directed.
5. The act makes it the duty of the Circuit Court, upon proper objection, to review the report of the commissioners as to the amount of each assessment.

On *Certiorari.*

Argued at February Term, 1881, before Justices DIXON, REED and PARKER.

For the prosecutors, *Wm. A. Lewis* and *W. B. Maxon.*

For the defendants, *Suydam & Jackson.*

The opinion of the court was delivered by

DIXON, J. In pursuance of "An act to provide for and regulate street improvements in the township of North Plainfield, in the county of Somerset," approved April 4th, 1873, (*Pamph. L.* 1873, *p.* 764,) Somerset street was graded and macadamized, and an assessment for the expenses thereof was, on April 4th, 1874, levied upon the lands along the line of the improvement. Subsequently, in September, 1877, proceedings were instituted by the township, in the Circuit Court, under the "Act in relation to assessments in townships," approved March 9th, 1877, (*Rev.*, *p.* 1204,) which resulted in

the making and confirmation, by that court, on February 7th, 1880, of an assessment for those expenses, which is a lien on the prosecutors' lands. These proceedings are now before us for review.

The prosecutors first insist that the act of 1877 is unconstitutional, because its object is not expressed in its title. They contend that the title is too general to indicate the purpose of the law.

The first section of the act purports to stay the collection of money paid upon void or vacated assessments, until an opportunity for making valid assessments shall have been afforded; the remaining sections provide a mode of levying valid assessments for improvements in townships. The title of the act is "An act in relation to assessments in townships." Whether this title expresses the purpose of the first section, may perhaps be open to discussion. But that it sufficiently expresses the object of the other sections is, I think, too clear for doubt. It seems to be well settled that the title of an act is not objectionable for its generality, so long as it fairly points out the subject of the legislation. Said Justice Van Syckel, in *State, ex rel. Walter*, v. *Town of Union*, 4 *Vroom* 350 : "The degree of particularity which must be used in the title of an act rests in legislative discretion, and is not defined by the constitution. There are many cases where the object might, with great propriety, be more specifically stated, yet the generality of the title will not be fatal to the act, if by fair intendment it can be connected with it." And in *People* v. *Banks*, 67 *N. Y.* 568, the Court of Appeals, per Allen, J., said: "It is not allowable, for the purpose of invalidating a law, to sit in judgment upon its title, to determine with critical acumen whether it might not have been more explicit, and so drawn as more clearly and definitely to indicate the nature of the legislation covered by it. The legislature is not subject to judicial control in respect to the form or mode in which the subject of a bill shall be expressed. If it is expressed, the constitution is satisfied." And see *Cooley's Const. Lim.* 144. In *State, ex rel. Richards*, v. *Hammer*, 13 *Vroom*

435, it was decided that, the object of the act being to change the mode of appointing members of boards for the assessment and revision of taxes, and the title being " An act relating to the assessment and revision of taxes in cities of this state," the object was sufficiently expressed in the title. In view of these authorities, it is manifest that, so far as this law relates to the making of assessments, its title is specific enough. If it have not the explicitness needed to express the legislative purpose of staying suits, the only effect would be that that provision will be invalid, since it is wholly separable from the object which the title does express. *Rader* v. *Township of Union*, 10 *Vroom* 509; *Cooley's Const. Lim.*, 148. So far as the proceedings now under review are concerned, we have to deal with only those portions of this law which provide for making assessments. The objection to the title cannot, therefore, prevail.

The prosecutors next assert that the act is special and local, and hence unconstitutional. But I find nothing upon its face to indicate that it is confined to any locality less than all the townships of the state. Its specialty is said to appear in the fact that it speaks of one class of assessments embraced by it as arising under special laws. These assessments are such as are necessary to be made for the costs, damages and expenses of public improvements in townships. But the courts must take judicial cognizance of the fact that there was no general law under which such assessments could become necessary. Hence the reference to special laws is without any restraining force. The act substantially provides a constitutional mode of levying such assessments for all public improvements in townships, wherever they are by law directed to be made. Such a law is general, according to our previous decisions. These objections, therefore, also fail.

It is further urged that this improvement is not one embraced within the act of 1877. But we think it is. The act of 1873 directed that an assessment should be made for such improvement as this, but the mode in which that act required the assessment to be distributed being unconstitutional, any

assessment made under it was void *ab initio*, even without any judicial declaration of its invalidity. *Bogert* v. *Elizabeth*, 12 *C. E. Green* 568. Hence the case in hand was one where an assessment was necessary, within the act of 1877.

The prosecutors also claim that assessments under the act of 1877 must be made within two years after its passage. This is a misapprehension. The limitations of time in the first section apply only to the stay in the collection of moneys improperly withheld by the township. The powers conferred by the subsequent sections, for the levying of assessments, are permanent.

These being our views of the objections presented against the validity and effect of the act of 1877, the consideration of one other question will determine what disposition we should make of this case.

When the commissioners of assessment made their report to the Circuit, and the parties interested were cited to allege objections thereto, the prosecutors appeared and stated that the assessments against their property were excessive and unjust, and desired to produce proofs to that effect. The court, however, declined to hear evidence on that point, deeming the judgment of the commissioners conclusive, unless fraud or misconduct or the adoption of an erroneous principle was shown. This, we think, was an error. The statute requires the Circuit to hear "any objection that may be made to the assessment," "any matter that may be alleged against the same," and gives it full power to refer the assessment to the same or other commissioners again and again, until a report shall be presented which the court can, according to right and justice, confirm. These provisions, we think, entitle the citizen to the scrutiny and decision of the Circuit upon every question, both of law and of fact, which he shall raise touching the propriety of his assessment. It has long been a part of the legislative policy of the state to afford to land-owners a right to have assessments against their property reviewed in the courts as to facts as well as law, and this statute is intended to preserve that right. The act nowhere gives any

Casselbury v. Piscataway.

effect to the report against either the owner or the township, until it is confirmed by the court, and then it becomes final and conclusive against both. To ascribe such conclusiveness to the report before confirmation, is plainly antagonistic to the spirit of the law. Whether, when confirmed, it will preclude any review in this court of matters of fact is a question which need not now be decided. The language of the act seems designed to give finality to the proceedings so far as the legislature could do so, and inquiring into facts upon *certiorari* is not one of the constitutional functions of this court. It therefore may be that parties have their last hearing in that respect before the Circuit. If so, there is the stronger reason for giving them full opportunity to be there heard. Certainly no subject is more important to them than the amount of the burden they shall bear, and the statute sufficiently indicates their right to have the Circuit adjudge whether that amount is just or excessive.

For the refusal of the Circuit to concede this right to the prosecutors, the confirmation of the assessment should be set aside, and the report of the commissioners remitted to the Circuit, to be there proceeded on according to the statute.

The objections to the report itself may be presented to the Circuit, to the end that, if valid, amendment may then be made.

The same disposition is made of the proceedings as to Johnson Drive.