# SUPREME COURT.

## In the Matter of Opening Lexington Avenue.

*Constitutional law — Roads and highways — Act relative to establishment, laying out and opening Lexington avenue (chap. 469 of Laws of 1881), not unconstitutional.*

The language of the constitution (*sec.* 18, *art.* 3), that the legislature shall not pass "a private or local bill * * * laying out, opening, altering, working or discontinuing roads, highways or alleys, or for draining swamps or other lowlands," applies to roads and highways as known or designated under the general highway system of the state. It relates to country roads and highways, and not to the streets and avenues of cities.

Therefore the " act relative to the establishment, laying out and opening or extension of Lexington avenue, from Ninety-seventh street to Ninety-eighth street, and from Ninety-ninth street to One Hundred and Second street, in the city of New York" (*Laws of* 1881, *chap.* 469), is not unconstitutional.

*Special Term, June,* 1882.

LAWRENCE, *J.* — In this case the counsel to the corporation, on the presentation of the petition for the appointment of commissioners of estimate and assessment, pursuant to the provisions of chapter 469 of the Laws of 1881, being an act entitled "An act relative to the establishment, laying out and opening or extension of Lexington avenue, from Ninety-seventh street to Ninety-eighth street and from Ninety-ninth to One Hundred and Second street, in the city of New York," states that as grave doubts exist as to whether the act. in question is constitutional, he desires to submit that point to the court. It is urged that the act conflicts with section 18, article 3 of the constitution, which provides that "the legislature shall not pass a private or local bill * * * laying out, opening, altering, working or discontinuing roads, highways or alleys, or for draining swamps or other lowlands," and that Lexington avenue may be fairly classed as a road or highway; and that as the legislature have in the act specifically described the limits and boundaries of the street, the act is subject to the prohibition contained in the section of the constitution referred to. After examining the question, I am of the opinion that the objection is not well taken. It is true that the streets and avenues of this city are, in a broad and general sense, roads and highways, but I think that the context of the section shows that it was not intended to embrace the streets of cities. The language of the constitution is that the legislature shall not pass "a private or local bill * * * laying out, opening, altering, working or discontinuing roads, highways or alleys, or for draining swamps or other lowlands." This language seems to me to naturally

apply to roads and highways as known or designated under general highway system of the state. In other words, it relates, I think, to country roads and highways, and not to the streets and avenues of cities. The case of *The People ex rel. Commissioners* agt. *Banks* (67 *N. Y.*, 568, 569), while not precisely in point, seems to me to present a somewhat analogous question to that which is involved in this case, and I do not think that the single expression which is contained in judge ALLEN's opinion, at page 575, in reference to streets of a city, should be held by me to control what appears to be the general drift and tenor of the decision. It will, I think, be safe to regard the remarks of the learned judge, on page 574, as conveying the true import and meaning of the construction given by the court of appeals to the section of the constitution under consideration. The learned judge there says: "This provision was designed to prevent any interference with the general highway system of the state, or with the keeping of the ordinary highways and public roads in repair under that system, and the supervision of the officers designated, and in the use of the means and the labor provided by law. The act under review does not, in any of its provisions, provide for the altering, opening or working of a highway, in the sense which those terms were used in the statutes of the state regulating highways and public roads, or the constitutional provisions now invoked." In any event, as it has been frequently held that the court at special term should not declare an act of the legislature unconstitutional, except in an extremely clear case, and as I do not regard this as such a case, I deem it proper to overrule the objection and grant the order which is prayed for in the petition.