IN THE MATTER OF EMILY P. WOOLSEY AND OTHERS IN RELATION TO THE OPENING, WIDENING AND IMPROVEMENT OF FLUSHING AVENUE IN LONG ISLAND CITY.

*Constitution, art. 3, sec. 18 — A local bill providing for the widening of a street in a city is void — 1878, chap. 410; 1880, chap. 318; 1881, chap. 326.*

Chapter 410 of 1878, as modified by chapter 318 of 1880, and chapter 326 of 1881, appointing commissioners to widen Flushing avenue, in Long Island City, to the full width of eighty feet from Van Olst avenue to the east bounds of the city, is a violation of section 18 of article 3 of the Constitution, prohibiting the legislature from passing local bills for the laying out, opening, altering, working or discontinuing of roads, highways or alleys, and is for that reason void.

APPEAL from an order made at a Special Term, denying a motion to vacate an order appointing commissioners of estimate and assessment, and from an order confirming their report.

*Frank E. Blackwell*, of counsel for the applicants, appellants.

*J. Ralph Barnett*, for the commissioners, respondents.

BARNARD, P. J.:

By chapter 461, Laws of 1871, the legislature revised the charter of Long Island City. A uniform system of street openings was established by the charter, and the highways thereof were put under the common council as commissioners of highways exclusively. In 1878, by chapter 410 of the laws of that year, the legislature appointed commissioners to widen Flushing avenue to the uniform width of sixty-five feet. For the purpose of the act these commissioners were clothed with the power given by the charter to the common council. By chapter 318, Laws of 1880, the powers of the commissioners were increased, and the work to be done. By chapter 326 of Laws of 1881, the scope of the work was again enlarged and the commissioners were authorized to issue certificates to the amount of $150,000, and the avenue or street was to be widened to the full width of eighty feet from Van Olst avenue to the east bounds of the city.

By section 18 of article 3 of the Constitution it is provided that,

" The legislature shall not pass a private or local bill    *    *    *    *
laying out, opening, altering, working or discontinuing roads, high-
ways or alleys."

The question presented is whether the acts in relation to Flush-
ing avenue are repugnant to the Constitution. The bill is a local
bill. It refers to a single highway in a specified city. It relates to
a particular street of a class in one place. (*Matter of N. Y.
Elevated R. R. Co.*, 3 Abb. N. C., 401.)

The provision of the Constitution in question " was designed to
prevent any interference with the general highway system of the
State, or with the keeping of the ordinary highways and public
roads in repair under that system and the supervision of the officers
designated, and in the use of the means and the labor provided by
law." (*People* v. *Banks*, 67 N. Y., 568.)

This language is so clear and explicit that there can be no doubt,
unless it be held that the term " roads, highways and alleys," do not
include city streets. In the case of *The People* v. *Banks* (67
N. Y., 568), the Court of Appeals held that a transfer of a turn-
pike to park commissioners by legislative permission, was constitu-
tional under this section; that the act did not alter, open or work
a highway. The general law did not reach the case, and therefore
the turnpike might be graded, paved, sewered and ornamented by
legislative authority. The present case is very different; here the
street is to be widened as a street or public avenue, and the general
laws do not cover such a case. The city could open the same under
its power, except that by the legislative act a consent upon the part
of land owners is dispensed with. In other cases a majority of the
local feet is required; in this case the will of the legislature is sub-
stituted. (Chap. 461, Laws of 1871, tit. 3 ; chap. 2, §§ 1, 2.) That
city streets are included in the language " roads, highways and
alleys," is evident from the city charter itself. The common coun-
cil is now " commissioners of highways in and for said city." A
highway is differently known in the law of the State, it includes
all public thoroughfares ; it includes streets and alleys and roads;
it has no restriction to place ; it may be of any width.

The case to which we are cited (*Matter of Lexington Avenue*, 29
Hun, 303) is not like the present case. There the legislature directed
the city officers to open an avenue. The avenue was opened under

the law applicable to all other avenues and by the proper officers, who were charged by the charter of the city with that duty.

The constitutional provision was designed for cases similar to this. Before the passage of the amendment in 1874, it was a common thing for the legislature to open boulevards, avenues and public roads, some in cities, some in the country and some extending from city to country. The method pursued in the present act was the method then generally pursued. It became a great burden to the taxpayer and land owner, and hence this amendment. If it only is to be deemed to apply to the country districts of the State, it will only reach where the injury was infrequent and insignificant. The cities furnish the greatest temptation for these commissions, which can take land without the consent of the owner, as under the general law it would not be right to do.

I think the order confirming the report should be set aside, with costs and disbursements.

DYKMAN and PRATT, JJ., concurred.

Order confirming report of commissioners vacated, with costs and disbursements.