In the Matter of the Application of the UNION FERRY COMPANY OF BROOKLYN, to Acquire Title to a Certain Pier, etc.

*Constitution — grant of an exclusive privilege to a private corporation by a private or local bill — Constitution, art. 3, sec. 18 — 1882, chap. 259 — Incorporation of prior laws into a subsequent act — Constitution, art. 3, sec. 17.*

The first section of chapter 259 of 1882, providing additional ferry slips in the city of New York, declares that "the pier known and designated as pier number two, in the East river in the city of New York, and the land under water lying easterly of the said pier to the westerly side of pier number three, shall, after the 15th day of June, 1882, be devoted and set apart for the purposes of additional ferry slip accommodation for the ferries operated and running between Whitehall street, in the city of New York, and Atlantic avenue, in the city of Brooklyn, known as the Union Ferry Company."

*Held,* that the act was a local or private one and void, as it granted an exclusive privilege to a private corporation in violation of the provisions of section 18 of article 3 of the Constitution.

The act provided that in case the ferry company should be unable to purchase the pier and land under water by agreement with the owners thereof, it might acquire title thereto in the same manner and by the proceedings provided by

law for acquiring title to lands for railroad use by railroad corporations, so far as the same were applicable thereto, except that certain allegations, specifically mentioned, might be omitted from the petition.

*Semble,* that the reference to the provisions of the railroad act did not violate section 17 of article 3 of the Constitution declaring that "no act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed part of the said act, or which shall enact that any existing law or any part thereof shall be applicable, except by inserting it in such act." (Per DAVIS, P. J.)

APPEAL from an order made at a Special Term, denying the prayer of the petition, asking for the appointment of commissioners to ascertain the compensation to be paid to the owners and other persons for property in the city of New York.

*B. D. Silliman* and *John E. Develin,* for the petitioner, appellant.

*E. T. Gerry,* for H. T. Gerry, respondent.

*Jno. B. Pine,* for E. T. Gerry, respondent.

*George G. De Witt, Jr.,* for Robert and Ogden Goelet, respondents.

*Hackett & Williams,* for E. A. Varick, respondent.

*Jackson & Martine,* for H. De Janon, respondent.

*Jno. M. Martin,* for Henrietta Martin, respondent.

*Abraham Van Santvoord,* for Eugene Lawrence and others, respondents.

DAVIS, P. J.:

The appeal in this case involves the constitutionality of chapter 259 of the Laws of 1882. The title of the act is, "An act to provide for additional ferry slips and facilities in New York city for the ferries operated and running between Whitehall street in the city of New York and the city of Brooklyn."

The first section of the act declares that "the pier known and designated as pier number two in the East river, in the city of New York, and the land under water lying easterly of the said pier to the westerly side of pier number three, shall, after the 15th day of June, 1882, be devoted and set apart for the purposes of additional ferry slip accommodation for the ferries operated and running between Whitehall street in the city of New York and Atlantic

avenue in the city of Brooklyn, known as the Union Ferry Company." This section is a legislative condemnation of the pier and land under water to the uses of the Union Ferry Company. The legislature determines for itself the necessity of such use and forecloses all inquiry on that subject. It operates to preclude any other ferry company or party from acquiring any interest therein, and leaves no question open as to whether or not any public interest requires that the property should be exclusively devoted and set apart for the benefit of the particular ferry company mentioned.

The next section provides that "before using the said pier number two, or the waters easterly thereof to pier number three, the lessees of the aforesaid ferries are hereby authorized and required to purchase or acquire the right to use the said pier number two and the land under water described in the first section of this act, provided they can agree with the owner or owners and lessee or lessees on the price to be paid therefor, and should the lessees of said ferries be unable, within sixty days after the passage of this act, to agree with the said owner or owners and lessee or lessees for the purchase of or the right to use the aforesaid pier and land under water, they shall acquire title to the same in the manner and by the proceedings provided by law for acquiring title to lands for railroad use by railroad corporations, so far as the same are applicable thereto, except that in any of the proceedings authorized by this section it shall not be necessary that the petition to the Supreme Court shall make any allegations of, or any reference to, any incorporation or capital stock, nor to any surveys or maps further than to describe the property proposed to be taken, nor of the filing of any certificate of location."

It is claimed that this part of the act is obnoxious to article 3 of section 18 of the Constitution of the State which provides, among other things, that the legislature shall not pass a private or local bill granting to any private corporation, association, or individual, any exclusive privilege, immunity or franchise whatever; and also provides that the legislature shall pass general laws providing for the cases mentioned in that section.

The act in question is in our judgment a private or local bill within the meaning of the article and section above referred to. It is private in that it confers all the rights it creates upon a single cor-

poration known as the Union Ferry Company.  It is local in that it relates to specific property in a specified location, and has no operation upon any other property or locality in the State.  Certainly there would be no difficulty in the legislature passing a general law providing for the acquisition for ferry purposes by any ferry company, of lands necessary for its use, and determining in what manner the acquisition should be effectuated and the title acquired, and compensation ascertained and made to the owners of the property to be condemned.  Under such an act there would, of course, be no difficulty in the Union Ferry Company taking steps to acquire the lands described in this act by setting forth the necessity for its acquisition, and the uses and purposes for which it is necessary, and the inability to acquire the same by purchase, or otherwise than by condemnation, and proceedings could then be had to complete the acquisition by ascertaining their value and making compensation to the respective owners.  But this act is in no. sense a general one. It is special and extraordinary in that it proceeds to condemn property by legislative *fiat*, without any other determination of the necessity for its use for ferry purposes, or even for its use by the particular ferry company to which it is "devoted and set apart."  All inquiry upon that subject is excluded by the language of the section. The Union Ferry Company is a private corporation precisely in the same sense in which railroad and turnpike corporations are private. Its stock is owned and it is managed by individuals for their private and personal emolument, and its character is not changed by the fact that its ferries are for the use of the public.  Its relations to the public as a trading corporation are precisely those of the other bodies corporate just mentioned.

The inhibition of the Constitution above referred to is applicable therefore to the Union Ferry Company.  The act under consideration undertakes to grant to such company the exclusive privilege of acquiring title to and using for ferry purposes the property which the first section condemns to that use.  This is, in our judgment, the granting to a private corporation of an exclusive privilege within the prohibition of the Constitution of the State.  The act is, therefore, unconstitutional and void.

It is not necessary to consider the other questions presented in the case.  The court below was of opinion that the act was

obnoxious to section 17 of article 3 of the Constitution, which declares that "no act shall be passed which shall provide that any existing law or any part thereof shall be made or deemed part of the said act, or which shall enact that any existing law, or any part thereof, shall be applicable, except by inserting it in such act."

On this question there may well be a difference of opinion. Our inclination is to think that the question is disposed of by the Court of Appeals in *People ex rel. Commissioners* v. *Banks* (67 N. Y., 568), and that the reference to the general railroad act for a mere course of procedure in taking the steps to acquire title to the real estate would not render the act invalid because the procedure was not embodied at length in the act itself.

But without passing upon that question, we think it our duty to hold that the Special Term was correct in its disposition of the case upon the proposition of constitutionality first considered by it.

The order should, therefore, be affirmed, with ten dollars costs and disbursements.

BRADY and DANIELS, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.