Hon. David Axelrod Commissioner Department of Health
You have requested our opinion concerning the power of a State agency to issue regulations that incorporate by reference Federal statutes and regulations that are applicable within the State.
Section 16 of Article III of the Constitution prohibits the Legislature from passing a bill that incorporates by reference all or part of an existing law. This section first appeared in the Constitution of 1874; its wording has never changed. The section on its face applies only to the Legislature. That is, the section was designed to protect the legislative process:
 "The evil in view, in adopting this provision of the Constitution, was the incorporating into acts of the legislature, by reference to other statutes, of clauses and provisions of which the legislators might be ignorant, and which affecting public or private interests in a manner and to an extent not disclosed upon the face of the act, a bill might become a law which would not receive the sanction of the legislature if fully understood." (People ex rel. Commissioners v Banks, 67 N.Y. 568, 575-6 [1876].)
The threshold question in considering your request is whether section 16 applies to administrative regulations. On its face, section 16 is not applicable. Even if one assumes that legislative delegation of rule-making power is a delegation of legislative power, it does not follow that the prohibition of section 16 accompanies the delegation. Today's rule-making process, even where the rule maker is a collegial body, is not one plagued by the evil stressed by the Court in the Banks case. The staff available to a rule maker can provide him the information necessary to avoid the promulgation of a rule not "fully understood" by the rule maker adopting it. Moreover, the State Administrative Procedure Act, § 202, provides adequate notice and opportunity to be heard to interested parties whose interest is such that a hidden consequence of incorporation by reference would be quickly uncovered. In short, there is neither a theoretical nor a practical reason for carrying section 16 into the administrative rule-making process.
You also raise the question whether the requirement of section 8 of Article IV of the Constitution that rules and regulations must be filed with the Secretary of State means that the incorporated Federal provisions would have to be so filed. Section 8 requires your regulations to be filed. Since you are not required to incorporate the Federal provisions in toto rather than by reference, the filing of your regulation incorporating the Federal provisions by reference satisfies the requirement of section 8. Section 102 of the Executive Law requires the publication of regulations so filed. The person who reads your published regulation will find the references to the Federal provisions. Those provisions are also published and are as accessible to the interested public as the regulations published by the State.
We conclude that neither section 8 of Article IV nor section 16 of Article III of the Constitution precludes you from incorporating by reference in your regulations Federal statutes and regulations applicable in this State.