BENJAMIN KAPLAN, Trading as TREMONT PLUMBERS' SUPPLIES, Plaintiff, *v*. VINCENZO ANTONELLI and Others, Defendants.

City Court of New York, Bronx County, July 19, 1928.

Courts — jurisdiction — jurisdiction of City Court of New York in action to foreclose mechanic's lien — State Constitution, art. 6, § 15, and New York City Court Act, § 16, subd. 3, do not limit jurisdiction to cases where real property has value of $3,000 or less — said limitation applies to amount of lien only.

This is an action brought in the City Court of New York to foreclose a mechanic's lien. The defendant moves to dismiss the complaint on the ground that the court does not have jurisdiction inasmuch as the real property against which the lien was filed exceeds the value of $3,000, although the lien itself is for less than that amount. The defendant contends that section 15 of article 6 of the State Constitution, which gives jurisdiction to the City Court of New York of cases to foreclose mechanics' liens " where the property involved does not exceed in value the sum of three thousand dollars," and subdivision 3 of section 16 of the New York City Court Act, deprive the court of jurisdiction where the real estate against which the lien is filed exceeds in value the sum of $3,000. The contention is not sustained for the evident intention of the Constitution and of the City Court Act is to limit the jurisdiction of the City Court to cases where the lien itself does not exceed $3,000.

The word " property " as used in the Constitution cannot fairly be held to be synonymous with " realty."

On the trial the plaintiff's evidence may sustain the cause of action alleged in his complaint. Having acquired jurisdiction of the parties, the court has power, even though it should be determined that it has no jurisdiction to render judgment which affects the realty, to take the evidence and either to dismiss the complaint for failure of proof, or upon the merits, or to direct judgment against either or both defendants, and, therefore, summary dismissal of the complaint would be unwarranted.

MOTION to dismiss complaint.

*Harry Stackell*, for the plaintiff.

*Knox & Dooling* [*Joseph Gazzam* of counsel], for the defendants.

DONNELLY, J. This motion, which was made by the defendant Antonelli when the cause appeared on the calendar for trial, is to dismiss the complaint for lack of jurisdiction, the defendant resting

his contention upon the statement that as the real property against which the mechanic's lien herein for $1,086.13 was filed exceeds in value $3,000, this court is wholly without power to award plaintiff any of the relief demanded in his complaint.

The plaintiff, the materialman, seeks to foreclose a mechanic's lien filed by him in the office of the county clerk of Bronx county on February 15, 1928, against the premises of the defendant Antonelli, who is the owner thereof, and in his complaint the plaintiff demands a money judgment against the said Antonelli and against the defendant Lucia, the contractor.

Prior to the adoption, at the general election in the fall of 1925, of the amendment to the Judiciary Article of the State Constitution, and up to and including September 1, 1911, this court had jurisdiction to foreclose or enforce a lien upon real property in the city of New York, created as prescribed by statute, in favor of a person who performed labor upon or furnished materials to be used in the construction, alteration or repair of a building, in a sum not exceeding $2,000. (Code Civ. Proc. § 315, subd. 2.) By Laws of 1911, chapter 569, this section of the Code was amended so as to extend, in certain instances, the limitation of $2,000 to $5,000, but the act was held unconstitutional. (*Lewkowicz* v. *Queen Aeroplane Co.,* 207 N. Y. 290.) No attempt, however, was made by these provisions to declare a limit to the value of the realty as a prerequisite to this court's jurisdiction in this class of actions.

The constitutional amendment adopted in 1925 reads: " The City Court of the city of New York is continued, and, from and after the first day of January in the second year following the adoption of this article, it shall have the same jurisdiction and power throughout the city of New York under the name of the City Court of the city of New York, as it now possesses within the county of New York and the county of Bronx, and original jurisdiction concurrent with the Supreme Court in actions for the recovery of money only in which the complaint demands judgment for a sum not exceeding three thousand dollars, and interest, and in actions of replevin, foreclosure of mechanic's liens and liens on personal property where the property involved does not exceed in value the sum of three thousand dollars. * * *." (Const. art. VI, § 15.)

By Laws of 1926, chapter 539, which is the New York City Court Act, enacted to affectuate the foregoing constitutional provisions, it is provided:

" § 16. Jurisdiction. The city court of the city of New York shall have original jurisdiction concurrent with the supreme court of the state of New York in the following cases: * * *

" 2. In actions of replevin where the value of the property involved or the amount sought to be recovered does not exceed the sum of three thousand dollars ($3,000) and interest.

" 3. In actions for the foreclosure of mechanics' liens and liens on personal property where the amount sought to be recovered does not exceed the sum of three thousand dollars ($3,000) and interest."

The defendant contends that the quoted provisions of the foregoing article and subdivision are unconstitutional, in that they conflict with the terms of article VI, section 15, of the Constitution, and he insists that the constitutional amendment must be so construed as to limit this court's jurisdiction in actions to foreclose or enforce mechanics' liens to those cases in which the *real* property involved does not exceed in value the sum of $3,000. The defendant's counsel on the argument frankly admitted that this is the first time the question has been raised. My attention has not been directed to any authority which held that the jurisdiction of this court in this class of cases was, before the adoption of the constitutional amendment, limited to those cases in which the realty involved exceeded in value $2,000.

The judicial duty to uphold, rather than to nullify, legislative enactments, if by any reasonable construction they can be harmonized with the fundamental law, has been so frequently stated that it does not seem necessary to cite more than a few of the comparatively recent decisions upon the subject. (*People ex rel. Simpson* v. *Wells*, 181 N. Y. 252, 257; *People ex rel. Bridgeport Savings Bank* v. *Feitner*, 191 id. 88, 97, 98; *State Water Supply Comm.* v. *Curtis*, 192 id. 319, 328, 329; *People* v. *Ringe*, 197 id. 143, 150; *N. Y. Cent. & H. R. R. R. Co.* v. *Williams*, 199 id. 108, 127; *People* v. *Crane*, 214 id. 154, 173.) Equally clear and emphatic is the language of the Court of Appeals in *People ex rel. Everson* v. *Lorillard* (135 N. Y. 285, 289): "A constitutional provision, like a statute, should not be so construed as to work a public mischief, unless the language used is of such explicit and unequivocal import as to leave no other course open to the court, and when the intent of the lawmakers is ascertained that must prevail over the letter of the law." (Citing cases.)

Reading, in their entirety, the quoted provisions of the constitutional amendment dealing with this court, it seems clear that the intent and purpose thereof was to continue, as it existed immediately prior to the adoption of the amendment, the jurisdiction of this court, and to extend the monetary limitation of this court's jurisdiction in the instances therein enumerated from $2,000 to $3,000. Among the instances included in the amendment are

actions to foreclose mechanics' liens; in which actions, prior to the time when the amendment became operative, this court possessed the power to give relief to the lienor who, in a sum not exceeding $2,000, had performed labor upon or furnished materials to be used in the construction, etc., of a building, regardless of the value of the realty on which the lien was filed; and in which actions, " from and after the second year following the adoption of this article," this court's authority was so extended as to permit it to pass upon a claim by a lienor who, in a sum not exceeding $3,000, had performed labor upon or furnished materials to be used in the construction, etc., of a building.  Had the constitutional amendment been intended to work such a radical change as that contended by defendant's counsel, it would have been a simple matter to use a word of more definite implication than " property," in referring to the three separate and distinct classes of action in the clause of the amendment, which reads: " and in action of replevin, foreclosure of mechanics' liens, and liens on personal property, where the property involved does not exceed in value the sum of three thousand dollars."

" Property," as thus used, cannot fairly be held to be synonymous with " realty."  The sense in which " property " is employed in the clause in question connotes personalty.  This interpretation is apparent from the fact that it was evidently the intention of the amendment to leave the jurisdiction of this court in mechanics' lien cases exactly as it was before the amendment became operative, with a single exception only; that is to say, without limitation so far as the value of the realty to which the lien attached is concerned, but extending from $2,000 to $3,000 the amount sought to be recovered on the lien.  To agree with defendant would be to hold that the framers of the constitutional amendment, who must be assumed to have had adequate knowledge of the conditions with which the amendment was designed to deal, deliberately intended to confine this court's jurisdiction in mechanics' lien cases to the extremely rare instances of those plots or parcels of real property valued at $3,000 or less.  It certainly does no violence to the principle of judicial notice to say that the number of such parcels of realty in New York city is so small as to be negligible, and this is frankly conceded by defendant's counsel.

There is another, and an important aspect, in which the defendant's claim of no jurisdiction whatever must be considered.  On the trial plaintiff's evidence may sustain the cause of action alleged in his complaint for the labor performed and the materials furnished by him, as he claims, in installing the plumbing, etc., in said premises.  Having acquired jurisdiction of the parties, this court at

least has the power, even though it should be determined that it has no jurisdiction to render judgment which affects the realty, to take the evidence; and, as such evidence warrants, either to dismiss the complaint for failure of proof, or upon the merits, or to direct judgment against either or both defendants. Summary dismissal of the complaint now is, therefore, unwarranted.

Motion denied.