THE PEOPLE ex rel. DUANE S. EVERSON, Respondent, *v.*
JACOB LORILLARD et al., Appellants.

A constitutional provision, which attempts to regulate the language and
forms of expression to be used in legislative enactments, is not to be so
construed as to embrace cases not fairly within its general purposes or
policy, or the evils it was intended to correct, although they may be
within its letter.

A constitutional provision is not to be so construed as to work a public
mischief, unless its language is of such explicit and unequivocal import
as to leave no other course open to the court, and when its intent is
ascertained, that must prevail over its letter.

Where a statute, by its own language, grants some power, confers some
right, imposes some duty or creates some obligation, the fact that it
refers to some other existing statute, general or local, in order to point
out the procedure, or some administrative detail necessary for the accom-
plishment of the purposes of the act does not bring it in conflict with
the provision of the State Constitution (§ 17, art. 3), declaring that:
"No act shall be passed which shall provide   *   *   *   that any existing
law, or any part thereof, shall be applicable, except by inserting it in
such act."

Accordingly *held*, that the act of 1890 (Chap. 249, Laws of 1890), provid-
ing for the acquisition and improvement of certain lands in connection
with Washington bridge, was not rendered obnoxious to said constitu-
tional provision because of the fact that it refers to another local act
(Chap. 490, Laws of 1883) as to the method of procedure to be had to
acquire title to the lands required.

(Argued June 8, 1892; decided October 4, 1892.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, made June 1, 1892,
which affirmed an order of Special Term directing a peremp-
tory writ of mandamus to issue for the purpose stated in the
opinion, wherein the material facts are also stated.

*D. J. Dean* for appellant. The act, chapter 249, Laws of
1890, violates section 17 of article 3 of the Constitution of
this state. (*People ex rel.* v. *Bank*, 67 N. Y. 572; Laws of
1883, chap. 490; *People* v. *Squire*, 107 N. Y. 593; *Wells* v.
*City of Buffalo*, 14 Hun, 448.)

286    People ex rel. Everson *v.* Lorillard et al.    [Oct.,

Opinion of the Court, per O'Brien, J.

*H. D. Hotchkiss* for respondent.    It is plain that there is nothing in the act of 1890 by which the act of 1883, or any part thereof, is made or deemed a part of it, or which enacts that the act of 1883, or any part of it, shall be applicable to the act of 1890.    The constitutional restriction does not apply, unless its explicit terms are expressly violated.    (*People v. Learned*, 5 Hun, 626, 637; *Wells v. City of Buffalo*, 14 id. 438; *Hathaway v. Tuttle*, 12 W'kly Dig. 240.)    References to prior acts, such as are made in the second section of the act of 1890, are not prohibited by the constitutional provision. (*People ex rel. v. Banks*, 67 N. Y. 568; *In re U. F. Co.* 98 id. 139; *People v. Squire*, 107 id. 593; *People v. Hoyt*, 7 Hun, 39.)

O'Brien, J.    The order in this case which has been brought here for review directed a peremptory writ of mandamus to issue to the corporation counsel of the city of New York, requiring him to take charge of and conduct with all practicable speed any and all proceedings, authorized by law, for the appointment of commissioners of appraisal, to ascertain the compensation to be paid to the owners or persons interested in certain real estate, designated upon a triplicate map made and filed in pursuance of chapter 249 of the Laws of 1890, and to fix the time and place for the first meeting of the commissioners so appointed.    The General Term having affirmed the order, the corporation counsel has appealed to this court, and the sole ground of the appeal is that the second section of the act above mentioned is in conflict with section 17 of article 3 of the Constitution of this state which declares that: " No act shall be passed which shall provide that any existing law or any part thereof shall be made or deemed a part of said act or which shall enact that any existing law or any part thereof, shall be applicable, except by inserting it in such act."

The act, chapter 249 of the Laws of 1890, provided for the acquisition and improvement, by the city of New York, of certain lands in connection with Washington bridge, over

1892.]   People ex rel. Everson *v.* Lorillard et al.    **287**

Opinion of the Court, per O'Brien, J.

the Harlem river, and the second section or that part of it which requires action to that end to be taken by the authorities of the city of New York, is as follows :

" The said commissioners, on behalf of the mayor, aldermen, and commonalty of the city of New York shall thereupon apply forthwith to the Supreme Court at any Special Term thereof, held in the first judicial district, for the appointment of three disinterested persons, residents of the city of New York, as commissioners of appraisal, to ascertain and appraise the compensation to be made to the owners and all persons interested in the real estate shown on said profile maps, which shall not have been theretofore acquired by the city of New York for the fee of the same. *Such proceeding shall be had upon the said application, except that the same shall be in the first judicial district, as are provided for the acquisition of real estate by chapter 490 of the Laws of 1883, and with the like effect, and all payments for the real estate so acquired and for the charges and expenses of acquiring the same, shall be made in the manner in which such payments are to be made and out of the moneys therefor to be raised, as provided in said last-mentioned act."*

Section 3 then provides that the property acquired, with the improvements thereon, " shall be kept and maintained by the department of public parks, as public, parks and highways, and for no other purpose except the Croton aqueduct, and the expenses thereby incurred shall be paid in the manner provided by law for the payment of the other expenses of the said department."

The difficulty suggested with respect to this statute is that while it authorizes the city to acquire lands it does not *in extenso* prescribe the procedure under which they were to be obtained, but for that purpose refers to another statute namely, chapter 490 of the Laws of 1883. The latter act is the one which confers power upon the city of New York to construct a new aqueduct and to acquire lands for that purpose. The provisions conferring the power to construct, the procedure under which the lands were to be acquired and the

manner in which the money was to be raised to pay for them are all set forth in that act.

It is somewhat difficult to give to that provision of the Constitution, invoked in this case to condemn the legislation in question, a reasonable construction that would be applicable in every case. A provision of the fundamental law which attempts to regulate the form in which the legislative will is to be expressed in the enactment of laws is difficult of a just and reasonable application in all cases, and is at best of very doubtful utility. When the organic law has fixed the limits of legislative power and has placed some general and suitable restraints upon its methods of procedure, its proper office is generally fulfilled, but an attempt to prescribe the language or the forms to be used or observed by the legislature in the enactment of statutes, must inevitably result, either in the condemnation of numerous legislative acts, perfectly wholesome and just, or in the liberal exercise by the courts of their undoubted powers to give to all laws a just and rational construction and meaning. A constitutional provision intended to operate as a restraint upon the legislature, with respect to the language and forms of expression to be used in framing acts of legislation, is not to be so construed as to embrace cases not fairly within its general purpose or policy, or the evils which it was intended to correct, though they may be within its letter. Since the incorporation of this section in the Constitution in 1875, hundreds of statutes have been passed that must be held to be in conflict with it if we adopt that construction contended for by the learned counsel who argued in support of this appeal. There are many general acts conferring very important powers or imposing important duties to be exercised or performed according to some provision of the Code or some statute general or local which contains the appropriate procedure for such a case. There are also many local acts applicable to cities and other public corporations authorizing the issue of bonds or the raising of money according to the general provisions of the charter; Still others may be found both general and local con-

ferring powers upon private corporations to contract debts in the manner provided in some other law. To hold that all these acts are void, as in conflict with this provision of the Constitution would be to disturb titles, promote litigation and inflict widespread injury. The worst evils that the framers of the provision could have had in view would be multiplied a hundred fold by such a construction. ·A constitutional provision, like a statute, should not be so construed as to work a public mischief, unless the language used is of such explicit and unequivocal import as to leave no other course open to the court, and when the intent of the lawmakers is ascertained that must prevail over the letter of the law. (*Smith* v. *People,* 47 N. Y. 330 ; *People ex rel. Jackson* v. *Potter,* id. 375 ; *People ex rel. Killeen* v. *Angle,* 109 id. 564.)

This court, in the case of *People ex rel. Commissioners* v. *Banks* (67 N. Y. 572) stated the purpose of this constitutional provision in this language: "The evil in view, in adopting this provision of the Constitution, was the incorporating into acts of the legislature, by reference to other statutes, of clauses and provisions of which the legislators might be ignorant, and which affecting public or private interests in a manner and to an extent not disclosed upon the face of the act, a bill might become a law which would not receive the sanction of the legislature if fully understood."

Can it be affirmed, with any reason or probability, that the legislature was not, when it passed the act of 1890, familiar with the act of 1883 for the construction of the aqueduct and acquiring lands therefor? Is there any reason to believe that when the legislature enacted that lands in connection with Washington bridge might be acquired and paid for by the city of New York for use as a park in the same way as was specifically provided in the aqueduct act, it was imposed upon by some of the devices against which the constitutional provision was intended to guard? There is nothing on the face of the bill and nothing suggested in the manner of its enactment that would justify such a conclusion. In the *Banks* case (*supra*), this court further said, with reference to the

proper construction of this provision of the Constitution: "It is not necessary, in order to avoid a conflict with this article of the Constitution, to re-enact general laws whenever it is necessary to resort to them to carry into effect a special statute. Such cases are not within the letter or spirit of the Constitution, or the mischief intended to be remedied. By such a reference the general statute is not incorporated into, or made a part of the special statute. The right is given, the duty declared or burden imposed by the special statute, but the enforcement of the right or duty, and the final imposition of the burden are directed to be in the form, and by the procedure given by the other and general laws of the state. Reference is made to such laws, not to effect or qualify the substance of the legislation, but merely for the formal execution of the law."

The learned counsel for the corporation, conceding the propriety of the rule here laid down, insists that it goes no farther than to permit a reference in the enactment of a statute to some other general law, for the purpose of pointing out the proper procedure. It is true that the reference in that case was to a general law, and the language of the court conformed to the nature of the case under consideration. But there is no reason to believe that if the reference in that case had been to a local statute that the decision would have been otherwise, as such a distinction would have no support in reason or authority. This appeal cannot be sustained without holding in effect that every statute, general or local, must contain within itself every detail necessary to its complete execution, and that when the lawmakers desire to adopt the procedure or some other matter of detail contained in a local statute, that cannot be done by a suitable reference, but the same must be cut out of the other statute and actually inserted in the new one *mutatis mutandis.* Such a construction of this section of the fundamental law, besides producing all the mischief already pointed out, would, as was said in *People, etc.,* v. *Squire* (107 N. Y. 602), lead to innumerable repetitions of laws in the statute books, and render them not only

bulky and cumbersome but confused and unintelligible, almost
beyond conception.   The framers of this provision could never
have intended to introduce into our statute law such elements
of confusion and uncertainty.   Their purpose was to require
bills introduced in the legislature to be presented in such form
and their essential provisions expressed in such language that
the effect of the proposed enactment might be understood by
legislators of reasonable intelligence.   To carry out this inten-
tion it is not necessary to give to the amendment a literal
construction.   The general object will be satisfied by giving
it an interpretation more reasonable and less stringent than
that contended for in support of the appeal.   (*Union Ferry
Co.* case (98 N. Y. 158.)

When a statute in itself and by its own language grants
some power, confers some right, imposes some duty, or creates
some burden or obligation, it is not in conflict with this con-
stitutional provision because it refers to some other existing
statute, general or local, for the purpose of pointing out the
procedure, or some administrative detail, necessary for the
execution of the power, the enforcement of the right, the
proper performance of the duty, or the discharge of the bur-
den or obligation.   In this case the main object of the statute
was to confer power upon the city to acquire land for a cer-
tain purpose, and that power is expressed in appropriate lan-
guage, but the procedure, by means of which the lands were
to be condemned, and the administrative acts on the part of
the city authorities, necessary in order to procure the money
for the payment of the awards, are designated by reference
to another statute.   Granting that the aqueduct law was local,
as urged by the counsel for the corporation, still, it was an act
of such great public importance that the members of the legis-
lature might be supposed to have been even more familiar
with all of its provisions than with many general laws.   The
statute in question did not provide literally that the aqueduct
law should be made or deemed a part of it, nor that any part
thereof should be applicable, but that the proceedings for con-
demning the lands and raising the money to pay for them,

should be the same, and hence the statute cannot well be held to be repugnant to the letter, and much less to the spirit and object of the constitutional provision. Whether the city authorities, and especially the corporation counsel, were vested with discretion, with respect to the execution of this statute, in the sense that they could not be compelled to move by man-damus, is a question not argued and which all the parties have evidently intended to waive. The order appealed from should, therefore, be affirmed, with costs.

All concur, except EARL, Ch. J., not voting.

Order affirmed.