THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD M. WINFIELD, Relator, *v.* CHARLES F. BRUNING and Others, Aldermen of and Composing the Common Council of the City of Mount Vernon, Respondents.

*City of Mount Vernon — § 181 of chap. 182 of 1892 not violative of § 17 of article 3 of the New York State Constitution.*

The act of the Legislature (Chap. 182 of the Laws of 1892, § 181), providing that "All general laws or special acts in relation to sewers applicable at the time of the passage of this act to the village of Mount Vernon, shall apply with equal force to the city of Mount Vernon, to all sewers hereafter to be constructed therein, and any sewerage loan bonds which may be issued by said city under chapter 608 of the Laws of 1886, and the several amendments thereto shall be designated 'sewerage loan bonds of the city of Mount Vernon,'" is not in violation of section 17 of article 3 of the Constitution of the State of New York which provides that "no act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or part thereof, shall be applicable, except by inserting it in such act."

Said statute does not re-enact the statute to which it refers; it simply provides that all the statutes relating to sewers which were applicable to the village of Mount Vernon shall apply to all the sewers thereafter to be constructed in the city of Mount Vernon.

CERTIORARI issued out of the Supreme Court, and attested on the 5th day of May, 1894, directed to Charles F. Bruning and others, aldermen of and composing the common council of the city of Mount Vernon, New York, commanding them to certify and return to the office of the clerk of the county of Westchester all and singular their proceedings, decisions and actions in regard to the construction of a lateral sewer in Summit avenue, from the White Plains road to Primrose avenue in the city of Mount Vernon, and all resolutions adopted by them and of each and every of their proceedings therein in relation thereto, with the rulings and decisions of said board, to the end that said decisions or actions might be reviewed and corrected.

*Milo J. White* and *William P. Fiero*, for the relator.

*David Swits*, for the respondents.

DYKMAN, J.:

This is a certiorari to review an assessment laid against the property of the relator for the construction of a sewer in the city of Mount Vernon in Westchester county.

That city was incorporated in March, 1892, by an act of the Legislature (Chap. 182 of 1892), and the sewer in question was constructed under the provisions of that act, and section 181 of the act provides for a plan and system of sewers for the portion of the city not already sewered, and the construction of sewers in accordance with such plan and system.

The city was the successor of the village of Mount Vernon, and some sewers had been constructed in the village before it was merged into a city.

After providing for the preparation of a plan as already stated, section 181 contains this language : " All general laws or special acts in relation to sewers applicable at the time of the passage of this act to the village of Mount Vernon, shall apply with equal force to the city of Mount Vernon, to all sewers hereafter to be constructed therein, and any sewerage loan bonds which may be issued by said city under chapter 608 of the Laws of 1886, and the several amendments thereto ,shall be designated ' sewerage loan bonds of the city of Mount Vernon.' "

This last part of the section is now challenged as being violative of section 17 of article 3 of the Constitution of the State of New York, which is this : " No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or part thereof, shall be applicable, except by inserting it in such act."

That provision of the Constitution is designed to prevent hasty and inconsiderate legislation of which legislators might be ignorant.

It was not designed to interdict the subordination of special acts to some provisions of general statutes or local statutes regulating the procedure under the act.

The rule upon the subject is this : " Where a statute by its own language grants some power, confers some right, imposes some duty or creates some obligation, the fact that it refers to some other existing statute, general or local, in order to point out the procedure, or some administrative detail necessary for the accomplishment of the

purposes of the act, does not bring it in conflict with the provision of the State Constitution" under consideration. (*People ex rel. Everson* v. *Lorillard*, 135 N. Y. 285.)

The statute under review in that case was much nearer the danger line than this, and it was there held that an act providing for the acquisition and improvement of certain lands in connection with Washington bridge was not rendered obnoxious to the constitutional provision now invoked, because of the fact that it referred to another local act as to method of procedure to be had to acquire title to the lands required.

The portion of the statute under consideration does not re-enact the statutes to which it refers. It simply provides that all the statutes relating to sewers, which were applicable to the village of Mount Vernon, shall apply to all the sewers thereafter to be constructed in the city of Mount Vernon.

It is to be observed further that section 181 of the city charter contained ample provisions for the construction of sewers independent of the clause which referred to other statutes.

As all the proceedings for the levying of the assessment were regular and legal they must all be confirmed, with costs.

BROWN, P. J., and PRATT, J., concurred.

Determination confirmed, with costs.