In the Matter of the Application of MIRIAM F. BECKER, Petitioner, for an Order against CHARLES P. BARRY and Others, Constituting the Board of Higher Education of the City of New York, Respondents.

Supreme Court, Special Term, New York County, November 30, 1937.

*Herman E. Cooper* [*Osmond K. Fraenkel* of counsel], for the petitioner.

*Paul Windels, Corporation Counsel* [*Arthur Bainbridge Hoff* of counsel], for the respondents.

*Charles Dickerman Williams*, for the faculty of Hunter College, *amicus curiæ*.

* Revd., *sub nom. Matter of Becker* v. *Eisner* (277 N. Y. 143).

WASSERVOGEL, J.   The petitioner seeks an order to compel the respondents, constituting the board of higher education of the city of New York, to reinstate her as a teacher of mathematics in Hunter College.   It is conceded that on June 16, 1933, she was appointed by the board of higher education to the position of teacher of mathematics at Hunter College for a period of one year, commencing September 1, 1933, at a salary of $1,800 per year.   She also received appointments on June 19, 1934, May 21, 1935, and June 23, 1936, respectively.   Annual increases of salary of $200 were given to her on January 1 of the years 1935, 1936 and 1937.   On June 2, 1937, she was denied reappointment and dismissed from the position she had occupied, as of August 30, 1937.   Petitioner contends that, having been a teacher for a period exceeding three years, she had aquired and attained permanent tenure in her position and could not be removed or dismissed except for cause, upon specified charges and after a hearing before respondents.   It is conceded that no charges were filed against petitioner and that she was not given a trial as contemplated by subdivisions 3-a and 3-c of section 872 of the Education Law, which petitioner claims was made applicable to the employees of the board of higher education by section 1143 of the Education Law (as amd. by Laws of 1935, chap. 873).

Petitioner's contention is based on section 1143 of the Education Law, as amended by chapter 873 of the Laws of 1935.   So far as material, the amendment provides: " All laws applicable or which may be applicable to the board of education of a city having a population of one million or more and which deal, or may deal, with probationary appointments, permanent appointments, suspensions, dismissals, reinstatements, and the placement and reappointment of persons employed in the professional staff, administrative staff and all other employees including those whose positions have been abolished or consolidated or may be abolished or consolidated are hereby made applicable to the board of higher education and its included boards of trustees; where it is provided that action shall be taken by the board of education upon the recommendation of the superintendent of schools and/or the board of superintendents, such action shall be taken by the board of higher education or the appropriate board of trustees of the educational unit involved upon the recommendation of the president of the college or educational unit involved.   Examinations and/or licenses shall be required only as prescribed for employees of said board of higher education when this act becomes effective.   Nothing herein shall be so construed as to apply to a person not regularly appointed to serve on an annual salary in the regular day session of the college or educational unit involved."

If this law is valid, petitioner was entitled to a hearing on charges before dismissal. The provisions of the Education Law which deal with dismissals are found in subdivision 3 of section 872. It is there provided that any person who has completed the probationary period required for teacher " shall hold their respective positions during good behavior and efficient and competent service and shall not be removable except for cause after a hearing by the affirmative vote of a majority of the board."

The maximum period of probation authorized by the Education Law is three years. (§ 872, subd. 1.) It already appears that petitioner had regularly served as a teacher for a period in excess of three years. It is the contention of respondents (1) that this statute disregards the prohibition contained in section 17 of article 3 of the New York State Constitution by incorporating by reference enactments of other Legislatures and laws not specifically set forth, and (2) that the statute violates section 6 of article 5 of the Constitution requiring competitive examinations.

If taken in the literal sense, the provisions of section 17 of article 3 of the Constitution might mean that chapter 873 of the Laws of 1935 is unconstitutional. But no such conclusion may be reached if consideration be given to the following language of the Court of Appeals in *People ex rel. Everson* v. *Lorillard* (135 N. Y. 285, 291): " Their [the framers of the provision] purpose was to require bills introduced in the Legislature to be presented in such form and their essential provisions expressed in such language that the effect of the proposed enactment might be understood by legislators of reasonable intelligence. To carry out this intention it is not necessary to give to the amendment a literal construction." And, again, " hundreds of statutes have been passed that must be held to be in conflict with it. * * * To hold that all these acts are void, as in conflict with this provision of the Constitution would be to disturb titles, promote litigation and inflict widespread injury. The worst evils that the framers of the provision could have had in view would be multiplied a hundred fold by such a construction."

In enacting chapter 873 of the Laws of 1935 the Legislature was dealing with one general subject, namely, the appointment and dismissal of teachers. The Education Law, at the time of such enactment, contained general provisions protecting teachers who had rendered faithful service from arbitrary dismissal. At that time, however, this protection extended only to teachers in the public schools and not to teachers in the public colleges. The Legislature apparently intended that all teachers should be on an equal footing.

For the reasons stated, I am of opinion that section 1143 of the Education Law, as amended by the Laws of 1935, does not offend the provisions of section 17 of article 3 of the State Constitution.

I am also of the opinion that the amendment here involved does not violate article 5, section 6, of the State Constitution. This section provides: " § 6. Appointments and promotions in the civil service of the State, and of all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practical, shall be competitive."

There is nothing in this provision which prevents the Legislature from protecting the tenure in position of persons who have been lawfully appointed. The civil service provision of the State Constitution has no application to the situation here presented. This provision relates only to the manner of appointment. It does not prevent the Legislature from protecting persons lawfully appointed.

The application of petitioner is granted. Petitioner's cross-motion to strike out parts of the answer and the exhibits and affidavits referred to is denied. Settle order.