In the Matter of the Application of JAMES J. HALLOWAY, Petitioner, for a Peremptory Order of Mandamus against CHARLES P. BARRY and Others, Comprising and Constituting the Board of Higher Education of the City of New York, Respondents.

Supreme Court, Special Term, Kings County, January 11, 1938.

*Thomas F. Twyford,* for the petitioner.

*William C. Chanler, Corporation Counsel,* for the respondents.

McCRATE, J. Application for order directing respondents to reinstate petitioner denied. Motion to dismiss the petition granted with leave to serve an amended petition within ten days, reserving to the respondents the right to question the constitutionality of the statute under which petitioner moves.

It is to be expected that the terminology with reference to mandamus will continue for some time, notwithstanding the amendment to the Civil Practice Act (§ 1283 *et seq.*) by Laws of 1937, chapter 526. By those sections a common procedure is laid down for those who seek relief formerly given in certiorari, mandamus or prohibition proceedings. Section 1286 (as amd. by Laws of 1937, chap. 526) fixes a period of four months from the refusal of the officer to act for filing a petition to compel action. Here the petitioner states he was wrongfully dismissed in June, 1936. His petition was verified on December 11, 1937. His contention is that section 1286 is not applicable because he had existing at the time of its enactment a right which was not destroyed because the section does not, in terms, destroy existing rights. That contention is warranted by *People* v. *Cohen* (245 N. Y. 419) and the cases cited therein dealing with statutes of limitations and their effect on existing and subsequential rights. This section did not create the right of mandamus. If it did, then the limitation thereof would apply to those who sought to exercise the right. (*Robinson* v. *Robins Dry Dock & Repair Co.*, 238 N. Y. 271.)

The petitioner, however, is not helped by a holding that section 1286 does not bar him. His petition has been filed after the codification of the rule applied in mandamus proceedings by the courts where employees sought to get back into the public service. It has been repeatedly held that without statutory provision limiting the time to commence mandamus proceedings such as had been the case in certiorari proceedings, the limitation in the latter would be applied to the former, in the absence of satisfactory explanation. Since hereafter these proceedings are all governed by the same short Statute of Limitations, it would seem that a petition based on a right claimed to have existed before the enactment of section 1286 should excuse failure to bring the proceedings within four months from the claimed wrongful conduct, and should be held not to require an answer because on its face, without the explanation, it shows that the court will be obliged to deny the relief sought. Counsel on both sides show full familiarity with the repeated statements that mandamus must be expeditiously sought, and it is unnecessary to cite the cases. For the reason stated the petition is dismissed.

The petitioner seeks to take advantage of the same statute (Education Law, § 1143), involved in *Matter of Becker* v. *Barry* (165 Misc. 877), now before the Court of Appeals. Respondents question the constitutionality of the statute. The reasoning of WASSER-VOGEL, J., in sustaining the constitutionality seems sound, and were the petition otherwise good we would refuse to upset it on the ground of unconstitutionality or because there was no recommenda-

tion for his permanent appointment. Amendment is permitted because in his memorandum on these motions he states he has a satisfactory reason for the laches.