In the Matter of MIRIAM F. BECKER, Respondent, against MARK EISNER et al., Constituting the Board of Higher Education of the City of New York, Appellants.

Argued January 11, 1938; decided March 8, 1938.

*William C. Chanler, Corporation Counsel (Paxton Blair* and *Arthur Bainbridge Hoff* of counsel), for appellants. The operation of the cross-reference feature of the statute assailed (L. 1935, ch. 873) creates precisely the difficulties which the constitutional prohibition was designed to avoid; and as future laws are also made applicable by cross-reference, the evils are intensified. (New · York Const. art. III, § 17; *People ex rel. Commissioners* v. *Banks,* 67 N. Y. 568; *Darweger* v. *Staats,* 267 N. Y. 290; *People ex rel. New York Electric Lines Co.* v. *Squire,* 107 N. Y. 593; *People ex rel. Everson* v. *Lorillard,* 135 N. Y. 285; *Curtin* v. *Barton,* 139 N. Y. 505; *People ex rel. Winfield* v. *Bruning,* 89 Hun, 124; *Campbell* v. *Board of Pharmacy,* 45 N. J. L. 241; 47 N. J. L. 347; *State ex rel. Christie* v. *Bayonne,* 48 N. J. L. 407; *Titusville Iron Works* v. *Keystone Oil Co.,* 122 Penn. St. 627; *People ex rel. Drake* v. *Mahaney,* 13 Mich. 481; *State* v. *Fargo Bottling Works,* 19 N. D. 396; *Casner* v. *Meriwether,* 152 Okla. 246.) Since chapter 873 of Laws of 1935 prohibits examinations, it violates the civil service article of the Constitution. (N. Y. Const. art. V, § 6; *Matter of Ottinger* v. *Civil Service Comm.,* 240 N. Y. 435; *Matter of Kraus* v. *Singstad,* 275 N. Y. 302; *Palmer* v. *Board of*

*Education,* 276 N. Y. 222; *Matter of Carow* v. *Board of Education,* 272 N. Y. 341; *Matter of Sandford* v. *Finegan,* 276 N. Y. 70.)

*Osmond K. Fraenkel* and *Herman E. Cooper* for respondent. Section 1143 of the Education Law (Cons. Laws, ch. 16), as amended by chapter 873 of the Laws of 1935, does not violate section 17 of article 3 of the New York State Constitution. (*People ex rel. Everson* v. *Lorillard,* 135 N. Y. 285; *People ex rel. Commissioners* v. *Banks,* 67 N. Y. 568; *People ex rel. New York Electric Lines Co.* v. *Squire,* 107 N. Y. 593; *Baldwin Lumber Co.* v. *Moskowitz,* 15 N. J. Misc. Rep. 438; *Bracely* v. *Noble,* 201 Ala. 74; *Lyman* v. *Ramey,* 195 Ky. 223; *State* v. *Gallatin County High School District,* 102 Mont. 356; *Wells* v. *City of Buffalo,* 14 Hun, 438; 80 N. Y. 253; *Matter of Union Ferry Co.,* 98 N. Y. 139; *Weinckie* v. *N. Y. C. & H. R. R. R. Co.,* 61 Hun, 619; 133 N. Y. 656; *Curtin* v. *Barton,* 139 N. Y. 505; *Matter of Buffalo Traction Co.,* 25 App. Div. 447; 155 N. Y. 700; *Choate* v. *Buffalo,* 39 App. Div. 379; 167 N. Y. 597.) The 1935 amendment to section 1143 does not violate section 6 of article V of the New York State Constitution. (*Matter of Sandford* v. *Finegan,* 276 N. Y. 70.)

*John J. Bennett, Jr., Attorney-General (Henry Epstein* of counsel), for State of New York. Chapter 873 of the Laws of 1935 is valid. (*People ex rel. Henderson* v. *Supervisors,* 147 N. Y. 1; *Matter of McAneny* v. *Bd. of Estimate,* 232 N. Y. 377; *Borden's Farm Products Co.* v. *Baldwin,* 293 U. S. 194; *People ex rel. New York Electric Lines Co.* v. *Squire,* 107 N. Y. 593; *People ex rel. Everson* v. *Lorillard,* 135 N. Y. 85; *Szold* v. *Outlet Embroidery Supply Co.,* 274 N. Y. 271; *Matter of Sandford* v. *Finegan,* 276 N. Y. 70.)

*C. Dickerman Williams* for Faculty of Hunter College, *amicus curiæ.* Chapter 873 of the Laws of 1935 is constitutional. (*People ex rel. Everson* v. *Lorillard,* 135

N. Y. 285; *Choate* v. *City of Buffalo*, 39 App. Div. 379; 167 N. Y. 597; *People ex rel. Commissioners* v. *Banks*, 67 N. Y. 568; *Matter of Union Ferry Co.*, 98 N. Y. 139; *Curtin* v. *Barton*, 139 N. Y. 505; *Matter of Buffalo Traction Co.*, 25 App. Div. 447; 155 N. Y. 700; *People ex rel. N. Y. Elec. Lines Co.* v. *Squire*, 107 N. Y. 593; *Swikehard* v. *Michels*, 81 Hun, 325; 144 N. Y. 684; *Weinckie* v. *N. Y. C. & H. R. R. R. Co.*, 61 Hun, 619; 133 N. Y. 656.) The civil service article of the Constitution is irrelevant to the present controversy. (*Schieffelin* v. *Goldsmith*, 253 N. Y. 243; *People* v. *Mancuso*, 255 N. Y. 463; *Matter of Ottinger* v. *Civil Service Comm.*, 240 N. Y. 435; *Matter of Friedman* v. *Finegan*, 268 N. Y. 93.)

CRANE, Ch. J. The petitioner held the position of tutor in Hunter College, teaching mathematics. She was first appointed in June, 1933, and reappointed thereafter in the years 1934, 1935 and 1936. She was not reappointed in 1937, but instead, on June 2, 1937, the board appointed one Annita Tuller in her place.

The petitioner was employed by the year — a yearly contract — and held no tenure of office. Unless reappointed she was out. Claiming that the Legislature in 1935 changed her situation while thus employed to a position from which she could not be removed without cause, proof of wrongdoing or incompetence, she applied to the courts, and has been reinstated.

By what process did the Legislature work this result? The answer requires an examination of the Education Law (Cons. Laws, ch. 16) and the amendments of 1935. Article 33-A relates to boards of education in the several cities of the State. Section 872 provides that teachers shall be appointed by the Board of Education upon the recommendation of the Superintendent of Schools for a probationary period of not less than one year and not to exceed three years, such period to be fixed by the Board of Education in its discretion. Service may be dis-

continued any time during probation. In New York city competitive examinations are required for teaching licenses or to have the applicant's name placed on an eligible list for appointment in the schools (§ 871). Probationers are taken from these lists. The necessity and practicability of such examinations in order to meet the constitutional requirements were discussed and decided in *Matter of Carow* v. *Bd. of Education* (272 N. Y. 341). In these matters the Constitution, not the Legislature, is controlling. (N. Y. Const. art. V, § 6.)

In 1935 the Legislature (L. 1935, ch. 819) amended subdivision 3 of section 872 so as to read: " At the expiration of the probationary term of a person *appointed for such term,* the superintendent of schools, * * * shall make a written report to the board of education recommending for permanent appointment those persons who have been found *competent, efficient* and *satisfactory."* Thereafter such appointees hold their positions during good behavior. Note that all probationers are not continued — only those found efficient and recommended.

The same Legislature (L. 1935, ch. 257) added a new subdivision to this section, subdivision 3-a, which reads: " * * * At the expiration of the probationary term of any person or persons appointed for such term, the superintendent of schools, * * * shall make a written report to the board of education recommending for permanent appointment those persons who have been found satisfactory and such board of education shall immediately thereafter issue to such persons permanent certificates of appointment. Such persons and all others employed in the teaching * * * service of the schools of such city, who have served the full probationary period, or have rendered satisfactorily an equivalent period of service *prior to the time this act goes into effect* shall receive permanent certificates to teach," etc.

These subdivisions of section 872 of article 33-A of the Education Law did not apply to boards of higher

education (Art. 44-A) until an attempt was made by Laws of 1935, chapter 873, to make them applicable.

If we assume, as have the petitioner and the court below, that section 872, subdivision 3-a, now covers the teachers in Hunter College, the petitioner herself falls short of meeting its conditions. She was appointed in June, 1933, for one year, not for a probationary period, for no such period had been fixed or determined by the board. By March 27, 1935, when chapter 257 of the Laws of 1935, adding subdivision 3-a to section 872, took effect, the petitioner had served by reappointment less than two years. Consequently, subdivision 3-a does not touch her. *First.* She was not recommended for permanent appointment after a probationary period. *Second.* Prior to the taking effect of the section — March 27, 1935 — she had not served a full probationary period or " rendered satisfactorily an equivalent period of service." The serving of a full probationary period prior to the taking effect of the statute is the meaning which must be given to the words of the section or else the first condition is meaningless. There would be no need to recommend a permanent appointment of " those persons * * * found satisfactory " at the end of the probationary period if the mere lapse of the period of time was sufficient. The section provides for those recommended and " all others " who have served the probationary period or its equivalent *before* March 27, 1935. The words can be given no other meaning. The petitioner does not come within the statute. She was never recommended for permanent appointment and served but a year and a half before the statute took effect. She admits that three years must be taken as the probationary period.

While calling attention to this construction we do not desire to place our decision merely upon this ground, but approach the larger question of the constitutionality of chapter 873 of the Laws of 1935, amending section 1143 of the Education Law, in attempting to make the other

provisions of that law applicable to the Board of Higher Education of New York City.

The Constitution (Art. III, § 17) reads: " Existing laws not applicable by reference. No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing law, or part thereof, shall be applicable, except by inserting it in such act."

We are of the opinion that section 1143, as amended, violates this provision of the Constitution, and is, therefore, void.

The latter part of the section is the part under review, and is as follows: " All laws applicable or which may be applicable to the board of education of a city having a population of one million or more and which deal, or may deal, with probationary appointments, permanent appointments, suspensions, dismissals, reinstatements, and the placement and reappointment of persons employed in the professional staff, administrative staff and all other employees including those whose positions have been abolished or consolidated or may be abolished or consolidated are hereby made applicable to the board of higher education and its included boards of trustees; where it is provided that action shall be taken by the board of education upon the recommendation of the superintendent of schools and/or the board of superintendents, such action shall be taken by the board of higher education or the appropriate board of trustees of the educational unit involved upon the recommendation of the president of the college or educational unit involved. Examinations and/or licenses shall be required only as prescribed for employees of said board of higher education when this act becomes effective. Nothing herein shall be so construed as to apply to a person not regularly appointed to serve on an annual salary in the regular day session of the college or educational unit involved."

This reference to " *all laws* " and to *all* which hereafter may apply to the board of education, not the higher board, is entirely too vague, and to permit it to pass as proper legislation would in effect nullify the Constitution. Such decisions as *People ex rel. Board of Commissioners of Washington Park* v. *Banks* (67 N. Y. 568); *People ex rel. New York Electric Lines Co.* v. *Squire* (107 N. Y. 593); *Darweger* v. *Staats* (267 N. Y. 290, 308) have explained the purpose of section 17 of article III of the Constitution and the evils and confusion it was sought to prevent. All those evils now crowd forward in this legislative enactment. For this case the petitioner seeks only reference to article 33-A of the Education Law, but the act is not so limited — all laws — what laws? Nobody knows and nobody can tell with any certainty, although we may guess that none will turn up except article 33-A as applicable to the Board of Education. There is the provision " all laws applicable " — too vague to be good. And that these constitutional warnings as to what may happen were not groundless, see what has been attempted to be legalized here. " Examinations and/or licenses shall be required only as prescribed for employees of said board of higher education when this act becomes effective." These are the words embodied in this lengthy section. Where do we look for the law " prescribed " for the examinations of employees of the Board of Higher Education? Nowhere, for there are no such laws, rules or regulations — or, at least, were not when this case came on for hearing. The Board of Higher Education has given no examination when employing its teachers and administrative staff. The board has been maintaining the standard of teaching in the colleges by declining to reappoint teachers who are found unsatisfactory. By this reference to " examinations prescribed," which means a written rule or law, at least some regulation duly adopted, we are asked to validate the absence of any such law. Such language is deceptive and illustrates the danger which flows from legislation

by reference. In *People ex rel. Everson* v. *Lorillard* (135 N. Y. 285); *Curtin* v. *Barton* (139 N. Y. 505); *People ex rel. Winfield* v. *Bruning* (89 Hun, 124) the references were to procedure and jurisdictions definitely established.

We need not at this time undertake to say how far the Legislature may go in exempting all positions under the Board of Higher Education from competitive examinations. Until it is determined by the Legislature or some other body that such examinations are impracticable, the Constitution (Art. V, § 6) is to be enforced.

The power of the Legislature in this particular is discussed in *Matter of Ottinger* v. *Civil Service Commission* (240 N. Y. 435), which authority condemns as illegal this attempt to legislate into an exempt class all positions for which there has not been heretofore an examination.

The order should be reversed and the petition dismissed, without costs.

LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; HUBBS, J., taking no part.

Order reversed, etc.