GEORGE L. BRANDT, OSCAR B. GUNTHER, CLARENCE R. VAN DEUSEN and 33 Others, Plaintiffs, *v.* CITY OF NEW YORK, Defendant.

Supreme Court, Special Term, New York County, January 3, 1940.

*Albert DeRoode,* for the plaintiffs.

*William C. Chanler, Corporation Counsel,* for the defendant.

PECORA, J. This action is brought by thirty-six plaintiffs against the city of New York to recover the amounts deducted from their salaries as assistant engineers or draftsmen of grade 4. These deductions were made pursuant to the provisions of chapter 637 of the Laws of 1932, which was an emergency economy measure, and the action of the board of estimate and the board of aldermen taken under that authority. These deductions were from $3,120.

per annum to $2,920. They continued until 1937, when the original salaries were restored, pursuant to legislation which terminated the emergency act.

Plaintiffs have made a motion for partial summary judgment. Defendant has made a cross-motion for summary judgment dismissing the complaint. There are virtually no controversies as to the facts, the motions arising as a result of the two separate defenses by the defendant. The first defense pleads the fixation of the salaries of the plaintiffs by the board of aldermen and the board of estimate for the period in question. Implied in this defense is the right of the boards to fix such salaries pursuant to the aforesaid emergency legislation of 1932. The second defense pleads the failure of the plaintiffs to sign the payroll under protest. That defense is undoubtedly good against an employee or salaried official in the city service who failed to note his protest in writing at the time of the receipt of the reduced compensation. While plaintiffs do not concede this point in full they realize that if they are entitled to recover as a matter of law, certainty of their right can only apply to those months in which they signed the payroll under protest. Accordingly, only partial summary judgment is sought by plaintiffs to cover those periods in which the pay checks were accepted under the condition mentioned.

A more fundamental question, however, is involved in defendant's cross-motion for summary judgment raised by the first defense, namely, the effect of the language of chapter 637 of the Laws of 1932. Section 2 of that act, so far as pertinent, reads as follows: " Notwithstanding any general, special or local law, ordinance, or referendum, or the Greater New York charter, as amended, to the contrary, except as otherwise provided in this act, the board of aldermen of the city of New York, upon the recommendation of the board of estimate and apportionment of such city, shall have the exclusive power to fix the salary of each and every officer or person, not excluding officers and employees performing or engaged in State or county business or functions, whose compensation, wholly or in part, is paid out of the city treasury." The exceptions specified in the statute relate to those employed under the Education Law and officers or employees of certain State courts, as to the salaries of which the board of estimate and board of aldermen had no jurisdiction.

The statement in the emergency law permitting the board to fix salaries, regardless of the provisions of any other statute which may fix such compensation, is so sweeping that discussion as to the alleged illegality of the reductions by reason of any provision of the Civil Service Law is idle, and must be disregarded, despite the very

ingenious arguments of plaintiffs' counsel. The only point that merits particular attention is the challenge of the constitutionality of the emergency measure of 1932.

Plaintiffs argue that by incorporating other statutes by mere reference, chapter 637 of the Laws of 1932 has violated section 17 of article 3 of the Constitution (numbered section 16 in the Constitution of 1938). Allusion is made to *Matter of Becker* v. *Eisner* (277 N. Y. 143). There the act of the Legislature declared, in substance, that all laws applicable to the board of education shall also be made applicable to the board of higher education. This provision was held violative of the Constitution. The situation here is entirely different, and the *Becker* case has no application whatever. It is not sought to incorporate any law by reference, but to declare that the law as specifically stated in chapter 637 shall supersede other laws in conflict. On this point the language in *People ex rel. N. Y. Electric Lines Co.* v. *Squire* (107 N. Y. 593; affd., 145 U. S. 175) is pertinent. That case holds that the section of the Constitution mentioned does not require the incorporation in a statute of reference to every law which it purports to amend or extend. It only prohibits the enactment of affirmative legislation, the nature of which is explained only by reference instead of actually set forth. As was said in the case just cited (at p. 602): " The object and intent of the constitutional provision was to prevent statute laws relating to one subject from being made applicable to laws passed upon another subject, through ignorance and misapprehension on the part of the Legislature, and to require that all acts should contain within themselves such information as should be necessary to enable it to act upon them intelligently and discreetly. It is obvious that it does not apply to an act purporting to amend existing laws, for in such a case no intelligent legislation could be had at all without a knowledge of the law intended to be amended. It must be presumed that the Legislature is informed of the condition of a law which it is called upon to amend. It could never have been contemplated by the framers of the Constitution that any legislator would remain ignorant of the provisions of a law which it was proposed to change, or would require the provisions of such a law to be transcribed into the proposed legislation to enable him to act upon it judiciously and intelligently. Such a construction would lead to innumerable repetitions of laws in the statute books and render them not only bulky and cumbersome, but confused and unintelligible almost beyond conception."

The motion for partial summary judgment is denied, and the cross-motion for summary judgment dismissing the complaint is granted. Settle order.