Dore, J.
Defendant had been the wife of one Frank Problet, who testified he had obtained a divorce from defendant in 1943 and that the son Frank had not lived with him since but that he had contributed to his support. The son Frank, fourteen years of age, had been adjudged a delinquent child in the Children’s Court and sentenced to the New York State Training School for Boys. Immediately thereafter, one George Humann, a police officer, filed a petition charging the mother, defendant herein, with a violation of section 494 of the Penal Law in that she contributed to the delinquency of the child by failing to provide a home, to have him attend school, and it was further charged that by her parental indifference and irresponsibility the child had developed, a pattern of delinquent behavior and committed a number of acts of delinquence on January 20 and January 21, 1947. The child’s gross acts of delinquency were established by the court’s own record of which it could take judicial notice.
*355 Defendant was properly advised that she had the right to counsel but on her express consent the case was tried without counsel for defendant. There was sufficient competent evidence to justify a conclusion that defendant had been grossly negligent of the child’s welfare. However, the charge was an infraction of the Penal Law punishable as a misdemeanor by fine and imprisonment, and a considerable amount of incompetent hearsay testimony was received in evidence against her. Defendant advised by the trial justice of her rights, took the stand, but to us it is apparent from her testimony that she did not fully comprehend the real nature of the charge against her.
The court sentenced the defendant to one year in the penitentiary on January. 31,1947. The motion for a ndw trial was not made until March 21, 1947, at which time counsel who appeared for the defendant also asked for permission to have a psychologist or psychiatrist examine her and report to the court. After extensive argument and a hearing at which testimony was taken, the court denied the motion in all respects.
We find there is no merit whatever to the contention that the trial court, knowing that counsel had appeared and was waiting outside the court room, deliberately excluded counsel until he had concluded the trial.
The main issue on appeal is the contention that the Domestic Eelations Court, Children’s Division, had no jurisdiction of the criminal charge made; that the provisions of the Domestic Eelations Court Act are inadequate to enable the court to function as a criminal tribunal; and that the issues involving the delinquent son or neglected child were not before the court.
We think the court had jurisdiction and it is clear that the issues involving the delinquent child were before the court; immediately before this hearing the boy had been found delinquent by the same court and sentenced (cf. N. Y. City Dom. Rel. Ct. Act, § 61, subd. 1). Section 494 should reasonably be invoked against an adult only where the child involved has been adjudicated a.delinquent (see People v. Dritz, 259 App. Div. 210; People v. Smith, 266 App. Div. 57, 61).
Subdivision 2 of section 61 of the Act, as amended by chapter 346 of thé Laws of 1936, provides: “ 2. Adults; offenses against children. The children’s court shall have jurisdiction, whenever the issues involving a delinquent or neglected child are before the court summarily to try, hear and determine any charge or offense, less than the grade of a felony, against any parent, or other person in loco parentis to such child, involving an act or omission in respect to such child in violation of any law of the *356 state or ordinance of the city of New York, or which has or is alleged to have contributed to the delinquency, neglect or dependency of any such child; and the court is authorized and empowered to render judgment therein, and if judgment be rendered sustaining the charge against such parent or other person the court shall have power to fix such punishment as the law provides, or may, in the discretion of the court, suspend sentence or place on probation, and by order impose upon him such duty as shall be deemed to be for the best interests of such child. Such court shall also have jurisdiction, whenever the issues involving a delinquent child are before the court, summarily to try, hear and determine any charge or offense less than the grade of a felony against any person alleged to have contributed to such child’s delinquency and may impose the punishment provided by law for such offense.” The last sentence was inserted by the 1936 amendment effective April 9, 1936.
We find it impossible to construe the foregoing language as meaning anything other than what it plainly states, namely, that the Children’s Court Division, of the Domestic Relations Court, has been given jurisdiction to try offenses of a grade less than felony against a parent or any person alleged to have contributed to the child’s delinquency and on conviction to impose the punishment provided by law.
The Sate Constitution, section 18 of article VI, as amended in 1921, conferred such jurisdiction on the Domestic Relations Court as it expressly provides: “ The legislature may establish * * * courts of domestic relations, as separate courts * * * and may confer upon them such jurisdiction-as may be necessary for the * * * disposition of delinquent * * * minors, and for the punishment and 'correction of adults responsible for or contributing to such delinquency, neglect or dependency, * * * . In the exercise of such jurisdiction such courts may hear and determine such causes with or without a jury, except those involving a felony.”
In 1933 the Legislature enacted the Domestic Relations Court Act of the City of New York (L. 1933, ch. 482) establishing a Domestic Relations Court in the City of New York ivith tAvo divisions to be known as the Children’s and the Family Court.
The provisions of section 75 of the Act do not violate the constitutional prohibition relied on by appellant. The reference in section 75 is to procedure in another court and does not relate to the incorporation of statutes relating to substantive rights. Matter of Becker v. Eisner (277 N. Y. 143) dealt Avith substantive matters. Here, procedure alone is involved and the adoption by *357 reference as provided for in section 75 is sustained by a later decision of the Court of Appeals in Burke v. Kern (287 N. Y. 203) which distinguished Matter of Becker v. Eisner (supra).
Both the Constitution and the Act expressly gave the Justice of the Children’s Court the right to “ hear and determine ” (italics mine) the charges involved. The jurisdiction conferred by the so-called “ Upstate Act ” creating similar courts in nearly all counties outside the metropolitan area has been consistently sustained with respect to the crime herein charged (People v. Kelley, 230 App. Div. 249 [3d Dept.]; People v. Smith, 266 App. Div. 57, supra [3d Dept.]; People v. Richard, 271 App. Div. 1047 [4th Dept.]). In People v. Dritz (259 App. Div. 210 [2d Dept.], supra), similar jurisdiction was upheld.
Appellant heavily relies on People v. Rogers (248 App. Div. 141, affd. 272 N. Y. 612). That case construed subdivision 4 of section 61 of the Domestic Relations Court Act and overruled the contention made by the appellant therein that the Court of Special Sessions of the City of New York did not have jurisdiction of a misdemeanor charge under subdivision 1 of section 482 of the Penal Law. That was the sole issue presented and decided by the court in June, 1936. Subdivision 2 of section 61 which is here in issue was not presented for the court’s consideration nor passed upon. That subdivision had been amended in April, 1936.
We think, however, the admission of the hearsay evidence especially in the volume in which it was introduced, and defendant’s apparent failure in the absence of counsel to understand the precise charge made against her, require reversal. The Court of Appeals has admonished the Children’s Court as to the use of hearsay in trials of children for delinquency (People v. Lewis, 260 N. Y. 171, 178). As the charge in this case was a criminal one under section 494 of the Penal Law, hearsay evidence should have been excluded. The Children’s Court in such a trial, within the narrow limits in which such trial is expressly permitted by that court, should conduct the trial as required in other courts having similar powers. The trial may not be informal as it may be in some respects in the ordinary ease coming before that court.
The sentence was the extreme limit of the law so far as confinement was concerned. Defendant has been in the penitentiary for nearly five months. We think the judgment appealed from should be reversed and a new trial granted, assuming the proper authorities deem it necessary to have a new trial, in view of the time already served.
*358 Because of our disposition of the appeal from the judgment of conviction, the appeal from the order denying the motion to vacate and for a hearing as to defendant’s mental capacity may be dismissed as academic. Upon a new trial, should such be had, defendant may make proper application for that relief.
The judgment appealed from should be reversed and a new trial ordered. The appeal from the order should be dismissed.
Glennon, Callahan, Peck and Van Vooehis, JJ., concur.
Judgment unanimously reversed and a new trial ordered : appeal from order dismissed. Settle order on notice.